## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER J. BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-790-J |
| | ) | |
| CASEY HAMILTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Plaintiff Christopher J. Barnett, a state prisoner appearing pro se, initiated this civil rights action on July 31, 2024. [Doc. No. 1].[1] The same day, Plaintiff moved to proceed in forma pauperis (IFP). [Doc. No. 2]. The Court referred the matter to United States Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B),(C). [Doc. No. 5]. Upon review, Judge Mitchell granted Plaintiff IFP status and an opportunity to file an Amended Complaint (Amend. Compl.) [Doc. No. 29]. Pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(a), Judge Mitchell screened the Amended Complaint and issued a Report and Recommendation recommending the dismissal of all but two of Plaintiff's claims. (R. & R.) [Doc. No. 32]. Plaintiff timely objected, (Obj.) [Doc. No. 33], triggering de novo review.

## I.    <u>Background</u>[2]

Plaintiff's Amended Complaint names fourteen Defendants,[3] and alleges that, while incarcerated at Great Plains Correctional Center (GPCC) during Summer 2024, Defendants beat

---

[1] All page citations refer to the Court's CM/ECF pagination.

[2] The factual background is taken from Plaintiff's Amended Complaint. Amend. Compl. at 1-12.

[3] The first twelve Defendants are employed at the Great Plains Correctional Center: Lt. Smith, Warden Casey Hamilton, Correctional Officers Ingram, Ritter, Cosgrove, and Vasquez, Case

him and exposed him to sexual abuse.  Plaintiff brings a conspiracy claim under 42 U.S.C. § 1983, alleging Defendants violated his First and Eighth Amendment rights.  Specifically, Plaintiff alleges several Eighth Amendment violations against a combination of Defendants, a First Amendment retaliation claim against Defendants Smith, the Chief of Security, the Delta Unit Manager, and Wilkerson, and a First Amendment access to the courts claim against Defendants Smith, Hamilton, and the Deputy Warden.  Plaintiff seeks money damages, declaratory judgment, and injunctive relief.

## II.    <u>Report and Recommendation</u>

Judge Mitchell first recommended dismissing with prejudice all First and Eighth Amendment claims that seek money damages against ODOC and individual Defendants in their official capacities.  R. & R. at 10. Judge Mitchell also recommended dismissing the following claims without prejudice: (1) Plaintiff's request for injunctive and declaratory relief against GPCC-employed Defendants; (2) his request for injunctive relief against ODOC and Defendant Harpe in his official capacity; (3) his First Amendment access to courts claim against Defendants Smith, Hamilton, and Deputy Warden in their individual capacities; (4) his Eighth Amendment claim against Defendants Wolfington and Harpe in their individual capacities; (5) his Eighth Amendment failure to protect and supervisor liability claims against Defendant Deputy Warden in his individual capacity; (6) his Eighth Amendment failure to train claim against Defendant Hamilton in his individual capacity; (7) his Eighth Amendment verbal-threats claim against Defendants

---

Managers Wolfington and Wilkerson, Unit Manager Allen, the Delta Unit Manager, the Chief of Security, and the Deputy Warden.  Plaintiff also names the Oklahoma Department of Corrections (ODOC) and its Director, Steven Harpe, as Defendants.  The individuals are all named in their official and individual capacities.

Cosgrove and Vasquez in their individual capacities; and (8) his conspiracy claim against all Defendants.[4]  *Id.* at 10-32.

Judge Mitchell then recommended allowing the following two claims to continue: (1) Plaintiff's First Amendment retaliation claim against Defendants Smith, Wilkerson, Chief of Security, and Delta Unit Manager in their individual capacities; and (2) his Eighth Amendment claims against Defendants Smith, Ingram, Allen, and Wilkerson in their individual capacities.

## III.    Analysis

Plaintiff objects to each of Judge Mitchell's recommendations to dismiss.  Obj. at 1-7. Upon review, the Court adopts Judge Mitchell's recommendations in full.

### A.  Claims against ODOC and Individual Defendants in Their Official Capacities

Plaintiff alleges several First and Eighth Amendment § 1983 claims against ODOC and all individual Defendants in their official capacities and seeks money damages.  Amend. Compl. at 10-12. But § 1983 claims asserted against states[5] and state officials in their official capacities must fail "because neither a state nor its officials, acting in their official capacities, are 'persons' against whom a claim for damages can be brought pursuant to § 1983."  *Smith v. New Mexico*, 94 F. App'x 780, 781 (10th Cir. 2004) (cleaned up); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983.").  As ODOC and individual Defendants in their official capacities are not "persons" under

---

[4] Judge Mitchell also noted that Plaintiff appeared to make claims on behalf of other inmates and recommended dismissing such claims.  Amend. Compl. at 11-12.  Plaintiff clarifies in his Objection that he did not intend to bring claims on behalf of others and instead included the allegations only to support his claims.  Obj. at 4.  Thus, the Court need not address the issue further.

[5] It is well settled law, and Plaintiff does not dispute, that ODOC "is an arm of [Oklahoma]" for § 1983 purposes. *Krebs v. El Dorado Corr. Facility*, 673 F. App'x 891, 894 (10th Cir. 2016) ("States and their agencies are not persons subject to suit under [§] 1983.").

§ 1983, the Court dismisses all such claims for monetary relief with prejudice. *See Smith*, 94 F. App'x at 781 (affirming that dismissal of § 1983 claims against New Mexico and state officials in their official capacities should be with prejudice).

### B. Injunctive and Declaratory Relief

Next, Plaintiff seeks injunctive and declaratory relief against GPCC-employed Defendants. Amend. Compl. at 10-12. Judge Mitchell recommended finding Plaintiff's request moot as Plaintiff is no longer incarcerated at GPCC. R. & R. at 10. Plaintiff objects but raises no specific grounds for his objection. Obj. at 1. "If a prisoner's claims for injunctive relief relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated," then the claim should be dismissed as moot. *Jordan v. Sosa*, 654 F.3d 1012, 1024, 1027 (10th Cir. 2011) (cleaned up). As ODOC transferred Plaintiff out of GPCC, the Court finds Plaintiff's request for injunctive and declaratory relief against GPCC-employed Defendants moot. Accordingly, the Court dismisses all such claims without prejudice.

Plaintiff also seeks an injunction against ODOC and Harpe to "stop beating inmates" across the ODOC system. Amend. Compl. at 12. Judge Mitchell recommended denying the request for the injunction as she found "Plaintiff's allegations [in]sufficient to support his request for relief[.]" R. & R. at 13. Plaintiff again objects, arguing that Harpe and ODOC knew that "GPCC staff has been beating inmates[, thus] establishing a policy of violating inmates' Eighth Amendment rights." Obj. at 2 (cleaned up). But Plaintiff only includes allegations against GPCC employees in his Amended Complaint. To receive an ODOC-wide injunction, Plaintiff must assert factual allegations that physical assault occurred throughout ODOC facilities. *See Gaines v. City of Moore*, No. 5:20-CV-851-D, 2021 WL 3284269, at *3 (W.D. Okla. July 30, 2021) (holding that the behavior of a single employee is "insufficient to establish a widespread custom" for purposes

of § 1983 liability).  Accordingly, the Court denies Plaintiff's request and dismisses all underlying claims without prejudice.

### C.  Claims against Individual Defendants in Their Individual Capacities

Plaintiff asserts the following claims against individual Defendants in their individual capacities: (1) a First Amendment access to courts claim against Defendants Smith, Hamilton, and Deputy Warden; (2) an Eighth Amendment supervisor liability claim against Defendants Wolfington and Harpe; (3) an Eighth Amendment failure to protect claim and an Eighth Amendment supervisor liability claim against Defendant Deputy Warden; (4) an Eighth Amendment failure to train claim against Defendant Hamilton; (5) an Eighth Amendment verbal-threats claim against Defendants Cosgrove and Vasquez; and (6) a conspiracy claim against all Defendants.  Amend. Compl. at 10-12.  For each claim, Judge Mitchell found that Plaintiff relied primarily on conclusory allegations and, thus, recommended dismissing the claims without prejudice.  R. & R. at 15-32.  Plaintiff objects, repeating, with little variation, the same conclusory allegations already included in his Amended Complaint.  *See* Obj. at 2-7.  But, "conclusory [claims are] insufficient to support liability under § 1983."  *Lane v. Klingler*, 25 F. App'x 781, 783 (10th Cir. 2001); *Keith v. Koerner*, 843 F.3d 833, 838 (10th Cir. 2016) (holding a plaintiff must allege more than "general deficiencies" to succeed on a failure to train § 1983 claim).  As such, the Court dismisses the above claims without prejudice.

## IV.  Motion to Amend

In his Objection, Plaintiff requests leave to amend several claims.  *See* Obj. at 1-7.  While the Court recognizes that Plaintiff could cure some of his claims, an objection is not the proper place to seek leave to amend.  Accordingly, Plaintiff's request is denied.  Instead, Plaintiff must file the appropriate motion with Judge Mitchell.

## V.    <u>Conclusion</u>

Having reviewed Plaintiff's objections, the Court agrees with Judge Mitchell's analysis. Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 32] and DISMISSES with prejudice all First and Eighth Amendment claims for money damages against ODOC and individual Defendants in their official capacities.  Further, the Court DISMISSES the following claims without prejudice: (1) Plaintiff's request for injunctive and declaratory relief against GPCC-employed Defendants; (2) Plaintiff's request for injunctive relief against ODOC and Defendant Harpe in his official capacity; (3) his First Amendment access to courts claim against Defendants Smith, Hamilton, and Deputy Warden in their individual capacities; (4) his Eighth Amendment claim against Defendants Wolfington and Harpe in their individual capacities; (5) his Eighth Amendment failure to protect and supervisor liability claims against Defendant Deputy Warden in his individual capacity; (6) his Eighth Amendment failure to train claim against Defendant Hamilton in his individual capacity; (7) his Eighth Amendment verbal-threats claim against Defendants Cosgrove and Vasquez in their individual capacities; and (8) Plaintiff's conspiracy claim against all Defendants.

The Court RE-REFERS Plaintiff's First Amendment retaliation claim against Defendants Smith, Wilkerson, Chief of Security, and Delta Unit Manager in their individual capacities and his Eighth Amendment claims against Defendants Smith, Ingram, Allen, and Wilkerson in their individual capacities to Judge Mitchell for further proceedings.

IT IS SO ORDERED this 18th day of August, 2025.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE